**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTIN VOGEL, | No. 19-56141 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-04609-SJO-SH |
| v. | |
| HARBOR PLAZA CENTER, LLC, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted August 3, 2021**
Pasadena, California

Before: PAEZ, CALLAHAN, and BENNETT, Circuit Judges.

Martin Vogel ("Vogel") sued Harbor Plaza Center, LLC ("Harbor Plaza") for violations of the Americans with Disabilities Act ("ADA"), the California Disabled Persons Act, the California Unruh Civil Rights Act, and the California Health and Safety Code. The district court granted in part Vogel's motion for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

default judgment, awarding $4,000 in statutory damages and $3,590.83 in travel costs. The district court also awarded attorney's fees based on the fixed fee schedule set forth in Central District Local Rule 55-3. Rule 55-3, however, allows parties to file a written request for the court to depart from the fixed fee schedule and award reasonable fees. C.D. Cal. R. 55-3. Although Vogel filed such a request, the district court applied the fee schedule and awarded only $600 in attorney's fees. Vogel timely appealed.

We vacated Vogel's initial fee award and remanded, explaining that when a plaintiff files a request pursuant to Local Rule 55-3, the district court must award a "reasonable" fee without regard to the fee schedule. *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1159 (9th Cir. 2018). We remanded the attorney's fees issue and instructed the district court to use the lodestar method and consider both Vogel's original request for attorney's fees and an alleged additional $34,437.50 incurred on appeal. The district court then awarded Vogel a total of $24,491.25, which included $17,091.25 in attorney's fees for work in the district court and $7,400 for work on appeal. The present appeal followed, and the only question at issue is whether the district court abused its discretion in granting a reduced award of attorneys' fees primarily by setting lead counsel Hubbard's hourly rate at $300 for his work in the district court and on appeal.

We review for abuse of discretion a district court's award of attorney's fees under the ADA. *Armstrong v. Davis*, 318 F.3d 965, 970 (9th Cir. 2003). We review for clear error the underlying factual determinations and review de novo the legal analysis relevant to the fee determination. *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1133 (9th Cir. 2002). We affirm.

When the district court determines a reasonable hourly rate, it must consider the experience, reputation, and ability of the attorneys; the outcome of the results of the proceedings; the customary fees in the community; and the novelty or the difficulty of the question presented. *Hiken v. Dep't of Def.*, 836 F.3d 1044, 1037 (9th Cir. 2016); *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986). The forum district generally represents the relevant legal community. *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010).

Vogel argues that the billing rate of $300 is inadequate for his highly experienced lead attorney who represented him in this case. He argues that his lead counsel was entitled to $600-625 per hour, which he contends is a reasonable rate in the Central District. *See Rocca v. Den, 109 LP*, 2017 WL 2562097, at *3 (C.D. Cal. June 13, 2017). Additionally, Vogel argues that the district court's hourly rate determination contravenes *Moreno v. City of Sacramento*, which held that exclusive reliance on historical fee rates, "no matter how well intentioned or

administered [] is inconsistent with the methodology for awarding fees that the Supreme Court and our court has adopted." 534 F.3d 1106, 1115 (9th Cir. 2008).

Hubbard based his hourly rate on his declaration describing his background and experience, with no additional declarations from other attorneys confirming the reasonableness of the rates requested by Vogel. Although Hubbard has substantial experience in litigating ADA cases, this experience is not determinative of the reasonableness of the requested rate. The district court looked to fee awards in other Central District ADA cases, which ranged from $300-650. Relying on *Dolanotto*, the district court reasonably concluded that $300/hour was an appropriate rate. *Vogel v. Dolanotto, LLC*, 2018 WL 1684303, at *3 (C.D. Cal. Apr. 5, 2018).

Vogel points to *Rocca* as evidence that a higher billing rate is justified, but that case is distinguishable. The defendant in *Rocca* ultimately prevailed after proceeding to trial. In contrast, the present case involved a default proceeding and a fairly straightforward appeal, as Harbor Plaza has not participated in this case since filing its Answer. Although $300 per hour may be on the low side of the $300-650 range for ADA cases in the Central District, Vogel has not shown that the district court abused its discretion in setting Hubbard's hourly rate at $300 per hour.

**AFFIRMED**.